FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   MAR 2 6 2012   ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

-----------------------------------------------------
CHASHA KUZECKI on behalf of herself and
all other similarly situated consumers

                    Plaintiff,

       -against-

RUI CREDIT SERVICES, INC.

                  Defendant.

**SUMMONS ISSUED**

KUNTZ, J.

-----------------------------------------------------

         **CLASS ACTION COMPLAINT**

CV 12 -1481

GOLD, M.

### Introduction

Plaintiff Chasha Kuzecki seeks redress for the illegal practices of RUI Credit Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act.

### Parties

1. Plaintiff is citizen of the State of New York who resides within this district.

2. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

3. Upon information and belief, defendant is a corporation with its principal place of business located in Melville, New York.

4. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

5.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### *Jurisdiction and Venue*

6.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Chasha  Kuzecki*

8.    Upon information and belief, on a date better known by defendant, defendant began to
      attempt to collect an alleged consumer debt from the plaintiff.

9.    On 21 occasions within the past year, defendant made 21 calls to an unauthorized
      wireless number belonging to plaintiff.

10.   Upon information and belief Defendant used an auto dialer and or prerecorded messages
      when calling the plaintiff.

11.   On September 8, 2011, September 9, 2011, October 4, 2011, October 27, 2011,
      November 1, 2011, November 11, 2011 and December 1, 2011, RUI left voice mail
      messages revealing the existence of the debt on a relative's phone.

12.   Edwards v. Niagara Credit Solutions, Inc., 584 F. 3d 1350 - Court of Appeals, 11th
      Circuit 2009,  (explaining that the FDCPA does not guarantee debt collectors the right to
      leave answering machine messages)

      Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York

2006, (found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b)

Debt collectors . . . should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters)

Leahey v. Franklin Collection Serv., Inc., 756 F. Supp. 2d 1322, 1327 (N.D. Ala. 2010) (Defendant's motion to dismiss denied.

"This court agrees that a third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector as required by §1692c(b).")

Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008) (Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication ... the FDCPA specifically requires that prior consent for third party communication be given directly to the debt collector by the consumer. A third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector... we follow reasoning similar to Foti to find no reason that a debt collector has an entitlement to use this particular method of communication. Debt collectors have other methods to reach debtors including postal

-3-

mail, in person contact, and speaking directly by telephone. )

FTC v. Check Enforcement., No. Civ. A. 03-2115, 2005 WL 1677480, at *8 (D.N.J.
July 18, 2005) (leaving messages on the debtor's home answering machines, heard by
third parties, was a violation of § 1692c(b)) defendants left messages on home
answering machines, which were overheard by family members and other third parties,
Thus, defendants have in fact engaged in prohibited communications with third parties
in violation of Section 805 of the FDCPA.)

ZORTMAN v. JC CHRISTENSEN & ASSOCIATES, INC., Dist. Court, Minnesota
2011, (the court found an FDCPA violation where a pre-recorded message containing
debt information was left on a debtor's voicemail and overheard by the debtor's family
members and neighbors Because the FDCPA is a strict liability statute that explicitly
includes an intent element when required, a plaintiff need not plead deliberate or
purposeful disclosure to third parties to state a claim under § 1692c(b))

Cordes v. FREDERICK J. HANNA & ASSOCIATES, PC., Dist. Court, Minnesota
2011,  (- Plaintiff alleged that Defendant violated the "FDCPA" by leaving multiple
messages on her home voicemail that were overheard by others The Court granted her
motion. Reaffirming the zortman decision - Where Congress wanted to include an intent
element as part of an FDCPA violation, it has done so explicitly and the FDCPA is a
strict-liability statute, "which conflicts with requiring deliberate or purposeful intent
("The FDCPA, including § 1692c(b), is a strict liability statute and therefore does not

-4-

require a showing of intentional conduct on the part of a debt collector to give rise to liability.").

In addition the term "communicate" does not focus on the intended recipient, but rather turns on whether the speaker "shares with or conveys information to another" one may communicate with an unintended audience (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium.

Finally the FDCPA's "bona fide error defense" was inconsistent with a requirement that a debt collector purposefully or intentionally communicates with a third party in order to be held liable

Gryzbowski v. IC System, Inc., 691 F. Supp. 2d 618 - Dist. Court, MD Pennsylvania 2010 (Debtors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone.)

Carman v. CBE GROUP, INC., Dist. Court, D. Kansas 2011. (Under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so)

Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 - Dist. Court, SD Florida 2009 (FDCPA did not guarantee debt collector right to leave answering machine messages)

Mark v. JC CHRISTENSEN & ASSOCIATES, INC., Dist. Court, Minnesota 2009.
(The Court has no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient... [The defendant] has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method they have selected to collect debts has put them there).

13.    The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

14.    On or about February 24, 2012 a representative from RUI left a message for the plaintiff with a third party stating, "Please give Chasha the message that my name is Amanda, I am calling in reference to a personal business matter. The number for them to call back is 800 507 4275 ext 144

15.    On February 29, 2012 Chris Paul called from RUI and asked a third party to relay to the plaintiff a message that RUI called and that Chasha should call back at 800 507 4275 ext123.

16.    While a majority of the courts have ruled that under the FDCPA, a debt collector may not have right to leave a message on a voicemail system and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. (see e..g Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011): It is well settled that when a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor such a communication being left with a third party will in fact violate §§ 1692c(b),1692d(6), 1692e(11).

-6-

17. See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 ruled that this was a violation of 1692b, 1692c (b), and 1692d.

(a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b)

Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that reading would render § 1692b superfluous

Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692b)

Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

("'Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'"

from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699)

Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter. "stated a claim under § 1692c (b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff. Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d

Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

And finally  the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION - Judge Karas in foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in foti

("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt.

The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" Id.

"Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." Id. This conclusion has been embraced by other courts as well in the context of applying § 1692c(b).

See, e.g., Henderson, 2001 WL 969105, at *2

(rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name

of her employer, and if terminated, the name of her present employer, did not violate §

1692c(b) because it did not suggest a debt collection purpose).

Thus, given the choice of language by Congress, the FDCPA should be interpreted to

cover communications that convey, directly or indirectly, any information relating to a

debt, and not just when the debt collector discloses specific information about the

particular debt being collected. Indeed, a narrow reading of the term "communication" to

exclude instances such as the present case where no specific information about a debt is

explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors

to circumvent the § 1692e(11) disclosure requirement, and other provisions of the

FDCPA that have a threshold "communication" requirement, merely by not conveying

specific information about the debt.

In fact, under Defendant's interpretation of "communication," a debt collector could call

regularly after the thirty-day validation notice is sent, and not be subject to § 1692e(11)'s

requirement so long as the message did not convey specific information about the debt.

Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from

"serious and widespread" debt collection abuses. Foti v. NCO Financial Systems, Inc.,

424 F. Supp. 2d 643 - Dist. Court, SD New York 2006


Krug v. Focus Receivables Mgmt., LLC, 2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11,

2010) (same)

Holding that under § 1692c(b), a collector may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692b.

To violate § 1692b, the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).

Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998).

Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). FDCPA class action certified

Finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the defendant's efforts to collect on plaintiff's alleged arrearage.

Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998)

Finding that the messages left by the defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under § 1692c(b) since it was not left for the purpose of obtaining location information which is the only communication with third parties permissible under the

-11-

FDCPA) quoting ); West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45

(W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist.

LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006)

(finding that the message was a communication under the FDCPA even though it was

not disclosed that it came from a debt collector where the name of the company was

referenced, directions to return the call were given, and the purpose of the message was

to induce the debtor to return the call)

Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824

The consumer adequately alleged that defendant contacted a third party in violation of §

1692c(b) since the defendant's inquiry went beyond the boundaries of location

information. A debt collector may not seek additional information about a consumer,

because such information is beyond the scopeof location information.

Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26,

2010) A "communication" need not refer to the debt."

Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010). (finding that the

telephone message at issue, which referenced an "important" matter, contained

information regarding a file number and whom to contact, and was left for the purpose

of collecting the debt, indirectly conveyed information concerning the debt and,

therefore, met the statutory definition of a "communication");

-12-

Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008) (finding that the message was an indirect communication regarding the plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so)

Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008) (finding that the messages left by the defendant constituted "communications" even though they did not technically mention specific information about the debt)

Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call)

Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692b
On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful. (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS

19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss).

Shaver v. Trauner , 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998),

Smith v. Nco Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009)

(Holding that the FDCPA prohibits debt collectors from communicating with anyone

other than the consumer and the only exception to this broad proscription is that debt

collectors may, under Section 1692b, communicate with persons "other than the

consumer for the purpose of acquiring location information about the consumer." The

FDCPA defines "location information" as "a consumer's place of abode and his

telephone number at such place, or his place of employment Contact with third parties,

such as employers, for any other purpose is prohibited under the FDCPA. The court

noted that the Defendants' contention that the FDCPA "does not prohibit all third party

contact -- only disclosure of the debt to third parties" is an untenable position,

unsupported by authority and clearly at odds with the plain language of the statute.)

18.     The said telephone messages are in violation of the Fair Debt Collection Practices Act,

15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

19.     Defendant caused plaintiff to incur charges for defendant's collection

communications when plaintiff had no reason to know the communication's purpose.

20.     Defendant was prohibited from placing a call that will cause a charge to plaintiff without

having notified plaintiff to expect it and without having announced its collection

purpose.

21.     Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all

those incoming calls.

22. Plaintiff was not alerted to the calls beforehand.

23. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5)."

24. On or about September 1, 2011. the defendant sent to the plaintiff an initial letter.

25. Said September 1, 2011 letter states in pertinent part as follows: ". . . A $4.95 convenience charge will be assessed to all payments made with a credit card

26. The notification and collection of the $4.95 transaction fee is unlawful. *See e. g Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010)

    The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language ''You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''

27. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(2)(B) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

28.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-28 as if set forth fully in this cause of action.

29.    This action is brought on behalf of plaintiff and the members of four classes.

30.    Class A consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message revealed the existence of the debt to an unauthorized third party and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

31.    Class B consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a service where the consumer was charged for the call, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

32.    Class C consists of all persons whom Defendant's records reflect resided in New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of

-16-

a consumer debt by leaving a message with a third party directing the consumer to call the defendant; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

33.   Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about September 1, 2011 sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1629e(2)(B) and 1692f(1) for making a false representation that it was entitled to receive compensation for payment by credit card.

34.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephonic messages and collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the messages which were overheard by unauthorized third parties, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

-17-

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

35.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37.    Telephonic messages, such as those made by the defendant and collection letters sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

38.    The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

-18-

39.    Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in plaintiff's favor and

against the defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C.

    1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this

    action; and

    (c)    Any other relief that this Court deems appropriate and just under the

    circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by plaintiff*

40.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if

set forth fully in this Cause of Action.

41.    The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating twenty one (21)

telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-

recorded voice to deliver messages without having the consent of the plaintiff to leave

such messages.

42. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

43. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone number at issue where the plaintiff was charged for each call.

44. Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

45. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

46. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

### *Violations of the Telephone Communications Privacy Act*

47. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector

-20-

failed to leave the legal name of the company.  (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

48.    The actions of the defendant violate the TCPA.

49.    Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in plaintiff's favor and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York,
March 21, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

PO Box 1349
Melville NY 11747-0422

**RETURN SERVICE REQUESTED**



167

**rui**

R  U  I
C R E D I T
S E R V I C E S

September 01 2011

2422-8935

CHASHA KUZECKI
1768 46TH ST
BROOKLYN NY 11204-1211

**Regarding:**
Client Name:      **CONSOLIDATED EDISON COMPANY**
Client Account#:  64419020750011
Account Balance:  $1642.24
RUI Account#:     FW0677
PIN#:             61342764

## Past Due Balance

Dear CHASHA KUZECKI,

We have been asked by the above-referenced creditor to present this claim on their behalf. Please review the following important information listed below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. Calls to or from our office may be monitored or recorded for quality assurance.

Sincerely,
*Robert Anderson*
Robert Anderson

New York City of Consumer Affairs License Number 1088342.

RUI Credit Services • PO Box 1349 • Melville NY 11747-0422
Phone: 1-800-507-4275 • 1-800-507-4271 • (516) 222-1200 • Fax (516)222-1144
--------------------------------------------------------------------------------
***Detach and Return With Payment***

**Regarding:**
Client Name:      **CONSOLIDATED EDISON COMPANY**
Client Account#:  64419020750011
Account Balance:  $1642.24
RUI Account#:     FW0677

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW | | |
|---|---|---|
| ☐ VISA **VISA** | ☐ MASTERCARD | |
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | LAST DIGITS 3 [in a] SECURITY CODE [in a] BACK [4 CARD] | |

A $4.95 convenience charge will be assessed to all payments made with a credit card.

CHASHA KUZECKI
1768 46TH ST
BROOKLYN NY 11204-1211

**RUI CREDIT SERVICES**
PO Box 1349
Melville NY 11747-0422

001

2422-8935